# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BRABOY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13 C 149 |
| | ) | |
| UNITED STATES OF AMERICA | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

A jury convicted Petitioner John Braboy in April 2007 of possession of cocaine and conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, this court determined an adjusted offense level of 36 and a criminal history category of III, producing a Sentencing Guidelines range of 235 to 293 months. The court imposed a sentence of 240 months in prison.

On August 24, 2010, the Court of Appeals affirmed Petitioner's conviction, but ordered a limited remand to allow this court the opportunity to reconsider his sentence in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), which held that district courts are free to deviate from the Sentencing Guidelines' then-prevailing 100-to-one ratio for crack cocaine versus powder cocaine sentences. *See United States v. Martin*, 618 F.3d 705, 739 (7th Cir. 2010). The limited remand yielded no relief from Braboy's 240-month sentence. In a written ruling, the court noted that the Guideline calculations for Mr. Braboy had been "determined by reference to powder cocaine, not crack cocaine," and that in imposing his sentence, the court had already "considered Brayboy's [sic] history and his apparently sincere desire to change." (Order on Remand, *United States v. Martin et al.*, 04-cr-495-42 [2483], 6–7.) The Court of Appeals again affirmed, noting that "we invited the parties to file submissions addressing the appropriate disposition of the appeal in light of the district court's decision. None of the parties

acted on the invitation." *United States v. Martin*, Nos. 07–2272, 07–4010, 07–3893, 07–3940, 2011 WL 5519811, *2 (7th Cir. Nov. 14, 2011).

Petitioner now seeks relief pursuant to 28 U.S.C. § 2255 [1]. He presents six claims of alleged ineffective assistance of counsel: (1) his lawyer abandoned him after this court's 2011 limited remand decision; (2) his lawyer failed to argue that the Guideline calculations at sentencing were "invalid" under *United States v. O'Brien*, 560 U.S. 218 (2010); (3) his lawyer failed to argue under *Kimbrough* for a lower powder cocaine sentence on remand; (4) his lawyer failed to preserve his right of allocution on remand; (5) his lawyer failed to argue at sentencing that his parolee status was an "element" of the offense rather than a "sentencing factor" and therefore must have been found by the jury at trial rather than by the court at sentencing; and (6) his lawyer did not adequately advise him about a plea deal. The government contends that none of these claims have merit. This court agrees with respect to five of these claims, but finds that a hearing will be necessary to determine the plausibility of Petitioner's abandonment claim.

## **DISCUSSION**

Petitioner Braboy seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255(a), which allows a prisoner convicted in federal court to seek to vacate, set aside, or correct his sentence. Relief under § 2255 relief "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). All six of Mr. Braboy's § 2255 arguments allege ineffective assistance of counsel, a violation of his Sixth Amendment rights. In general, to prevail on such a claim, a petitioner "must show that his attorney's performance was objectively deficient—in other words, that it fell outside the wide range of competent representation—and that he was prejudiced by the subpar representation;" *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984)). Prejudice here means

that, but for counsel's deficiencies, "the result of the proceedings below would have been different." *Id.*

The Court of Appeals and Supreme Court have both emphasized that ineffective assistance claims are difficult to prove. "Only if an ignored issue is 'clearly stronger' than the arguments raised on appeal will the attorney's performance be considered constitutionally deficient." *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). *See also United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005) (holding that, so long as an attorney's "decision was sound at the time it was made," there is no ineffective assistance claim); *Strickland*, 466 U.S. at 690 (holding that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"). The burden to "show that counsel's performance was deficient" rests on the criminal defendant. *Strickland*, 466 U.S. at 687. *See also Jones v. Butler*, 778 F.3d 575, 583 (7th Cir. 2015).

**I.      Abandonment after Remand (Claim One)**

Petitioner contends that his attorney on appeal, Kent Carlson, did not notify him that the Court of Appeals had invited the parties to file submissions in response to this court's decision on limited remand not to resentence, and thus that counsel had effectively abandoned him at a "critical stage of the proceeding." *See United States v. Cronic*, 466 U.S. 648, 659 (1984). According to Mr. Braboy, Mr. Carlson "simply sent him the District Court's ruling and withdrew from further representation . . ." (Memorandum in Support of Petitioner's Motion (hereinafter "Mem. in Supp." [3], at 5.)

At the time of this court's limited remand decision, the Court of Appeals retained jurisdiction, and Braboy's direct appeal remained pending. Braboy therefore retained his Sixth Amendment right to counsel on appeal. *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012); *Resendez v. Smith*, 692 F.3d 623, 626 (7th Cir. 2012). Thus, if Braboy wished to challenge this court's determination, it appears that counsel was constitutionally obligated either to do so or to

file an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding that when counsel finds a defendant's case "to be wholly frivolous," she may request permission to withdraw but must also file "a brief referring to anything in the record that might arguably support the appeal"). *See also United States v. Longstreet*, 669 F.3d 834, 838 (7th Cir. 2012) (granting withdrawal permission to counsel, who filed an *Anders* brief regarding the district court's decision not to resentence pursuant to *Kimbrough*). Notably, where a petitioner alleges abandonment, he may be entitled to relief even without showing that his appeal would have been successful. The Supreme Court has "held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.'" *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (*citing United States v. Cronic*, 466 U.S. 648, 659 (1984)); *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000); *Penson v. Ohio*, 488 U.S. 75, 88-89 (1988).

The presumption of prejudice is not the end of the inquiry, however. "In order to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Whether Braboy can meet this test is uncertain; in light of the fact that his sentence was unaffected by the powder/crack cocaine sentence disparity, it is possible that counsel did consult with him about this and that Braboy made a conscious decision that any challenge would be fruitless. The court will convene a brief hearing to determine whether Braboy is entitled to relief on this basis.

II. **The Effect of *O'Brien* on Braboy's Sentence (Claims Two and Five)**

The Sixth Amendment requires that facts which affect a criminal defendant's statutory maximum sentence—so-called "elements of the offense"—be proven to the jury beyond a reasonable doubt rather than found by the trial judge on a preponderance-of-the-evidence basis. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Braboy urges that the Supreme Court's decision in *United States v. O'Brien*, 560 U.S. 218 (2010), extends *Apprendi* and

4

establishes that this court acted improperly in making its own findings on sentencing factors such as drug quantity, reckless endangerment, and Braboy's parolee status.

The argument based on *O'Brien* requires little discussion. In that case, the Supreme Court reviewed a conviction for use of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(i). The firearms statute provides that where a machinegun is the weapon at issue, the defendant found guilty faces a mandatory minimum sentence of thirty years. *Id.* § 924(c)(1)(B)(ii). The government had indicted *O'Brien* under that machinegun section, but withdrew the charge because it could not prove, beyond a reasonable doubt, that a machinegun was involved. It nevertheless argued on appeal that the district judge erred in imposing a sentence of just 84 months because the judge could find, based on a preponderance of the evidence, that the weapon was indeed a machinegun. The Supreme Court disagreed with that contention, holding that the fact that the firearm was a machinegun is an element of the offense, not a sentencing factor, and must therefore be proved to the jury beyond a reasonable doubt. *O'Brien* addressed the proof required when elements of an offense increase the mandatory minimum or maximum of a sentence. *O'Brien*, 560 U.S. at 224. As the Supreme Court explained, "while sentencing factors may guide or confine a judge's discretion in sentencing an offender '*within the range* prescribed by statute,' judge-found sentencing factors cannot increase the maximum sentence a defendant might otherwise receive . . . ." *Id.* (quoting *Apprendi*, 530 U.S. 466, 490 (2000) (emphasis in original)).

Since *O'Brien* came down, the Seventh Circuit has confirmed that the district court retains authority to determine specific drug quantities on a "preponderance of the evidence" basis. *See United States v. Pineda-Buenaventura*, 622 F.3d 761, 774 (7th Cir. 2010) (noting the distinction between the weapons offense at issue in *OBrien*, and drug offenses, where the amount at issue influences the guidelines determination). As the Court of Appeals observed, "our precedent is clear that judges may determine drug amounts by a preponderance of the evidence that subject a defendant to a statutory minimum." *Id.* at 773. The reckless

5

endangerment finding in this case, similarly, did not affect the statutory maximum sentence of life imprisonment under 21 U.S.C. §§ 841(a)(1) and 846. And Petitioner's contention that his lawyer was constitutionally ineffective for neglecting to challenge the court's finding concerning his parolee status fails for the same reason: although Braboy's parolee status affected his criminal history category under the Sentencing Guidelines, it did not affect his statutory maximum sentence of life imprisonment under §§ 841(a)(1) and 846. It was therefore proper for this court to find Mr. Braboy's parolee status on a preponderance-of-the-evidence basis rather than submitting the question to jurors.

Because an *O'Brien* argument would have fao;ed, Petitioner's claim that defense counsel was ineffective for failing to make such an argument on limited remand must fail, as well.

Braboy notes that the Supreme Court has extended *Apprendi* to cases in which the statutory minimum sentence would also be affected. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."). But, even assuming the holding in *Alleyne* would make a difference here, *Alleyne* does not apply retroactively and is therefore not an argument available to Braboy at this stage. *See Crayton v. United States*, No. 13–3548, ___F.3d ___, 2015 WL 3895767, *1 (7th Cir. June 25, 2015).

### III. The Effect of *Kimbrough* on Mr. Braboy's Sentence (Claim Three)

Petitioner contends that this court too narrowly construed the Court of Appeals' limited remand order in considering only whether to resentence him on the basis of its discretion to deviate from the 100-to-one crack-versus-powder cocaine sentencing ratio. He points to First Circuit precedent interpreting *Kimbrough* "as giving district courts discretion to disagree with many guidelines, not just the crack cocaine guidelines at issue in *Kimbrough*." *United States v. Stone*, 575 F.3d 83, 89 (1st Cir. 2009). In its limited remand order in this case, however, the

Court of Appeals directed this court to resolve the crack/powder disparity issue; it cited only legal authorities concerning that particular question, not the district court's general authority to deviate from the Sentencing Guidelines. *See Martin*, 618 F.3d at 739. A district court is confined to consideration of the issues remanded. *United States v. Husband*, 312 F.3d 247, 250 n.3 (7th Cir. 2002) (noting this rule's origin in the "law of the case" doctrine); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("If the opinion identifies a discrete, particular error that can be corrected on remand without the need for redetermination of other issues, the district court is limited to correcting that error."). In any event, this court made clear in its decision on limited remand that it was not inclined to revise Petitioner's sentence downward, irrespective of its discretion to do so. (*See* Remand Order, *United States v. Martin et al.*, 04-cr-495-42, at 6–7.)

Finally, Mr. Braboy's assertion that his lawyer declined to advocate on the limited remand for a lower sentence, and thereby abdicated his constitutional duty of effective representation, is flatly contradicted by the record. Mr. Carlson noted the court's discretion under *Kimbrough* and requested a resentencing. (*See* Resentencing Mem., *United States v. Martin et al.*, 04-cr-495-42 [2439], 2.) This court acted wholly in its discretion in rejecting that request.

### IV. Right of Allocution on Remand (Claim Four)

Petitioner next argues that his lawyer was constitutionally deficient for failing to preserve his right of allocution on limited remand. But federal law creates a right of allocution only *before* the trial court imposes a sentence. *See* FED. R. CRIM. P. 32(i)(4)(A)(ii). The Court of Appeals instructed this court to consider, in its discretion, whether to resentence Mr. Braboy pursuant to *Kimbrough* and Seventh Circuit precedent on the crack/powder disparity issue; it did not order a general resentencing, or even offer this court the opportunity to reconsider the sentence on any other basis. At this stage of the litigation, the sentence had long ago been imposed, and Rule

7

32(i)(4) had no application. Counsel cannot be deemed ineffective for declining to assert a right that Petitioner did not in fact have.

Mr. Braboy also contends that he should have been permitted him to address this court on the issue of his post-incarceration behavior and rehabilitative efforts, relying on *Pepper v. United States*, 562 U.S. 476 (2011). *Pepper* does not apply here, however. First, that case concerns situations in which "a defendant's sentence has been set aside on appeal and his case remanded for resentencing." *Id.* at 490. In this case, in contrast, the Court of Appeals remanded to give this court the opportunity to resentence if it deemed resentencing appropriate in light of *Kimbrough*, but did not set aside Petitioner's sentence. Second, *Pepper* only holds that district courts "may consider evidence of a defendant's rehabilitation since his prior sentencing," not that they must. *Id.* Accordingly, the Court of Appeals has held that a district court's decision not to resentence in light of new law can constitute an implicit rejection of a criminal defendant's request for permission to offer new evidence regarding his or her sentence. Rejecting such a request is within the district court's discretion. *United States v. Della Rose*, 435 F.3d 735, 736 (7th Cir. 2006). This court was therefore under no obligation to permit Petitioner a right of allocution on limited remand.

**V.     Plea Bargain Advice (Claim Six)**

Finally, Petitioner argues that he did not receive effective counsel from his attorney at trial, Steven M. Levy, regarding a plea deal which the government had proposed. The record includes correspondence from Mr. Levy to Mr. Braboy on July 19, 2006, stating that "[a]ny sentence imposed by the Court under the guidelines would exceed the sentence to be imposed pursuant to the plea agreement" (Mem. in Supp., Ex. D), and further correspondence on August 19, 2006, describing the proposed plea agreement in more detail. In the August 19 letter, Mr. Levy noted that the prosecutor had indicated to him "that the government will not make any additional plea offers" and that "[a]s we discussed this week, the government is prepared to let you plead to count 55, and will ask for the low end of the guideline range, approximately 17.5

8

years. You would be free to ask for a lower sentence." (Mem. in Supp., Ex. B.) However, the letter continues, "[y]ou have advised me that the proposed agreement was not acceptable." (*Id.*)

Petitioner denies that the referenced conversation(s) ever occurred, and regardless alleges that he was not adequately informed of the plea agreement's benefits versus the risk of proceeding to trial. Whether or not Mr. Levy was fabricating the existence of other conversations with his client regarding the plea deal, the August 19 letter makes clear that the government was offering to permit Braboy to plead guilty to an offense carrying a maximum sentence of 210 months rather than the 293 to 365 which Mr. Braboy could face after a conviction. Levy's letter also explained that, were he to plead guilty, Braboy would have the opportunity to request an even lower sentence.

Petitioner also appears to suggest that he did not understand the nature of plea agreements in general—how the government could offer a sentence lower than the Guideline minimum, conditional on a guilty plea. But whatever Braboy's understanding may have been, Mr. Levy's July 19 letter explained that, under the plea agreement, he would serve less time than if convicted and sentenced pursuant to the Guidelines. Mr. Braboy contradicts this evidence with the general complaint that he "did not have the plea explained to him, so that he understood it," without stating specifically how counsel's explanation was inadequate. (Pet. Reply Br. [12], 11.) Braboy has not explained how Mr. Levy's advice was incomplete, inaccurate, or misleading. The court is confident that he provided effective assistance in explaining the concept of plea bargaining and the contours of this particular plea bargain proposal. This claim is also without merit.

## **CONCLUSION**

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied with regard to his *O'Brien*, *Kimbrough*, allocution, parolee status, and plea

9

bargain advice claims. The court will conduct further proceedings before deciding his claim of abandonment on appeal.

ENTER:

Dated: July 28, 2015

_____
REBECCA R. PALLMEYER
United States District Judge